O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| DELFINO PARRA, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. L-06-59 |
| | § | |
| MARKEL INTERNATIONAL | § | |
| INSURANCE COMPANY LIMITED, | § | |
| Formerly Known As Terra Nova | § | |
| Insurance Company Limited, | § | |
| | § | |
| Defendant. | § | |

## **O R D E R**

Pending before the Court is Plaintiff's Motion for Relief from and to Set Aside Order Granting Defendant's Motion to Exclude Plaintiff's Expert William R. Rusteberg and Motion to Enlarge Time to File Plaintiff's Response in Opposition to Defendant's Motion to Exclude Plaintiff's Expert William R. Rusteberg [Doc. No. 44], filed on July 11, 2007.  Defendant filed a response to this motion on July 13, 2007 [Doc. No. 46].

In the instant motion Plaintiff requests that the Court reconsider its order of July 6, 2007, granting Defendant's motion to exclude Plaintiff's expert William R. Rusteberg.  Plaintiff did not file a response to this previous motion by the submission date, which under the Local Rules of this Court is considered to be a representation of no opposition to the motion.  *See* Local Rules 7.3 and 7.4, S.D. Tex.  As Defendant's motion to exclude Plaintiff's expert was unopposed, the motion was granted.  [Doc. No. 43].

In the current motion, Plaintiff's counsel argues that he mistakenly failed to calendar the

deadline for responding to Defendant's motion to exclude Plaintiff's expert. [Doc. No. 44, ¶ 6]. Plaintiff asserts that setting aside the order and allowing Plaintiff to respond to Defendant's motion to exclude will not prejudice Defendant, nor will it delay the proceedings as a trial date has not yet been set. [Doc. No. 44, ¶ 8]. Defendant argues that Plaintiff's counsel had two opportunities to calendar the deadline: once when Defense counsel contacted Plaintiff's counsel to inquire whether he opposed the motion, as required by Local Rule 7.1, and once when Plaintiff's counsel received notice of the motion via the Court's electronic notice system. [Doc. No. 46, ¶ 2.03]. Defendant contends that Plaintiff has not met the "excusable neglect" standard for granting relief from an order. [Doc. No. 46, ¶ 2.07].

Federal Rule of Civil Procedure 60(b) provides that the Court may relieve a party from an order based on mistake, inadvertence, surprise, or excusable neglect.[1]  Fed.R.Civ.P. 60(b)(1). However, "gross carelessness" is not a sufficient basis for relief under Rule 60(b)(1). *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) (citation omitted); *see also Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1471-72 (5th Cir. 1989) (counsel's failure to respond to a motion for summary judgment did not constitute excusable neglect under Rule 60(b)).

Whether a party's omission constitutes "excusable neglect" is an equitable determination and implicates the following factors: "the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993);

---

[1] Federal Rule of Civil Procedure 6(b) likewise permits the Court to allow an act to be done—such as the filing of a response to a motion—after the expiration of a specified period for "cause shown" when "the failure to act was the result of excusable neglect." Fed.R.Civ.P. 6(b)(2).

*see also Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879-80 (5th Cir. 1998) (applying *Pioneer* excusable neglect standard).

Here, Plaintiff states that he simply failed to calendar the deadline for responding to Defendant's motion to exclude due to the flurry of activity during the time when the motion was pending. In light of the circumstances at hand, this omission does not constitute "excusable neglect." As Defendant points out, Plaintiff was notified twice of the motion to exclude, once by Defense counsel and once by the Court's electronic notification system. Defendant will be prejudiced if Plaintiff is permitted to simply ignore deadlines for responding to motions. Although the length of delay was not extreme, the reason for the delay was wholly within Plaintiff's counsel's control. The Court does not suggest that Plaintiff's counsel acted in other than good faith, however, if response deadlines are to have any meaning, they cannot be ignored or forgiven if counsel simply forgets to calendar a deadline. Plaintiff's counsel's failure to calendar the response deadline is akin to the "gross carelessness" discussed by the Fifth Circuit in *Edward H. Bohlin Co., Inc.*, 6 F.3d at 357. There, the "'inadvertent mistake' of counsel" was not sufficient to set aside a dismissal under Rule 60(b)(1). *Id*. at 356-57. Similarly, Plaintiff's proffered explanation for failing to respond to the motion to exclude in this case does not constitute excusable neglect. Thus Plaintiff has not shown that he is entitled to relief under Rule 60(b).[2]

Based on the above considerations, Plaintiff's motion for relief from and to set aside order [Doc. No. 44] is DENIED. Plaintiff's motion to enlarge time to file Plaintiff's response [Doc. No. 44] is also DENIED.

---

[2] Neither has Plaintiff demonstrated that his failure to respond to Defendant's motion to exclude was due to any type of mistake, inadvertence, or surprise.

IT IS SO ORDERED.

    DONE at Laredo, Texas, this 16th day of August, 2007.

                                                _____
                                                Adriana Arce-Flores
                                                United States Magistrate Judge