O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| DELFINO PARRA, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. L-06-59 |
| | § | |
| MARKEL INTERNATIONAL | § | |
| INSURANCE COMPANY LIMITED, | § | |
| Formerly Known As Terra Nova | § | |
| Insurance Company Limited, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File Plaintiff's Second Amended Original Complaint to Conform with Discovery [Doc. No. 38], filed on June 29, 2007. Defendant filed a response on July 17, 2007 [Doc. No. 47]. In the current motion for leave to amend pleadings, Plaintiff seeks to amend his complaint to include additional facts garnered through the course of discovery.[1] The deadline for amending pleadings to conform with discovery was August 13, 2007. [Doc. No. 39].

Under Federal Rule of Civil Procedure 15(a), leave to amend pleadings "shall be freely given when justice so requires." Rule 15(a) evinces a bias in favor of granting leave to amend. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (Former 5th Cir. Nov. 1981). Only if there is substantial reason may the Court deny leave to amend. *Id*. at 598. The Supreme Court describes

---

[1] Plaintiff has filed two previous motions for leave amend its complaint, on April 28, 2006 [Doc. No. 5] and October 25, 2006 [Doc. No. 19]. The first motion was denied on September 6, 2006 [Doc. No. 17] and the second motion was granted on November 21, 2006 [Doc. No. 21].

several situations that warrant denying amendment: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowing amendment, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendant here objects to the motion for leave to amend because it does not contain a copy of the proposed Second Amended Complaint and argues for denial of the motion based on undue delay and futility of amendment.

As Defendant points out, Plaintiff failed to attach a proposed Second Amended Complaint to his motion for leave to amend. However, Plaintiff seems to have included the contents of his Second Amended Complaint verbatim in the body of the motion for leave. Although it would have been preferable to review the Second Amended Complaint as a separate document, Plaintiff appears to present the text of the Second Amended Complaint as a part of his motion for leave. The Court is thus able to contemplate the substance of the proposed Second Amended Complaint when considering the motion. Likewise, Defendant is not prejudiced by this omission as it is able to review proposed alterations and mount objections to the proposed amendments.

Defendant Markel asserts that Plaintiff's motion for leave to amend should be denied based on undue delay in seeking leave. In his proposed Second Amended Original Complaint, Plaintiff seeks to add claims brought under Texas Insurance Code § 541.054 ("§ 541.054"). Defendant argues that this statute provides that upon notice of this claim Defendant has a 60-day opportunity to investigate and evaluate settlement options before being subject to statutory damages. Defendant contends that it would be prejudiced by allowing Plaintiff to add § 541.054 claims at this stage of the proceedings, as it would deprive Defendant of his statutory 60-day notice period.

Plaintiff first asserted a claim under Texas Insurance Code § 541.054 in his First Amended

Original Complaint. [Doc. No. 23, ¶ 5.17], filed on November 21, 2007. Since that date, Defendant has had more than 60 days in which to investigate and evaluate settlement options. Defendant's arguments for undue delay in this vein are unsubstantiated.

Defendant next argues against the addition of a cause of action under the Prompt Payment of Claims Act ("the Act"), Texas Insurance Code, § 542.051, *et seq*., on the grounds of undue delay and dilatoriness. Defendant contends that Plaintiff sent demand letters pursuant to the Act on September 8, 2006 and May 21, 2007, demanding payment of the underlying judgment which was issued on October 14, 2004. Defendant urges that there is no reasonable explanation for the delay in either sending these demand letters or in waiting until this stage to add this claim.

Plaintiff did not include this claim or allude to any facts giving rise to this claim in either his Original Complaint or his First Amended Original Complaint. Plaintiff sent an initial demand letter on September 8, 2006 [Doc. No. 47, Ex. 1-B], and later sought leave to amend his complaint on October 25, 2006 [Doc. No. 19], but did not seek to include a claim under the Act at that time. Plaintiff has not offered any explanation for the 9-month delay in seeking to add this claim. Defendant has shown there has been undue delay in seeking leave to add a cause of action under the Prompt Payment of Claims Act.

Finally, Defendant maintains that the addition of a cause of action under the Prompt Payment of Claims Act would be futile.[2] Defendant asserts that there is not a relevant "claim"—as defined

---

[2] A motion for leave to amend may be denied if amendment of the complaint would be futile. *See Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). Amendment is futile if the amendment "would fail to state a claim upon which relief could be granted." *Id*. at 873. Futility of amendment is decided under the same legal standard as dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6). *Id*. In other words, if Plaintiff's proposed amendments would not survive a 12(b)(6) motion to dismiss, amending the complaint to include them would be futile and the Court may deny leave to amend.
    The Court allows dismissal under Rule 12(b)(6) for failure to state a claim only if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their complaint which would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994). The court

by the Act—at issue because Plaintiff is neither an insured, a policyholder, nor a beneficiary named in the policy, as required for liability under Texas Insurance Code § 542.051(2).[3] Plaintiff argues that although he is not the insured named in the policy, first-party claimant status was conferred upon him by virtue of the October 14, 2004 judgment Plaintiff obtained against Interamerican Textile, Inc., the insured.  Plaintiff does not support this supposition with legal authority.

Under Texas law, a plaintiff who obtains a judgment against an insured becomes a third-party beneficiary under the policy and may sue the insurer directly.  *See Filley v. Ohio Cas. Ins. Co.*, 805 S.W.2d 844, 847 (Tex. App. – Corpus Christi 1991, writ denied) (plaintiffs became third-party beneficiaries when they obtained a judgment against insured).  However, the plaintiff who obtains a judgment against an insured does not become a "first-party claimant."  *See Lennar Corp. v. Great American Ins. Co.*, 200 S.W.3d 651, 702-03 (Tex. App. – Houston 2006, petition filed) (recognizing a "first-party claim" as "one in which an insured seeks recovery for the insured's own loss" and finding no cause of action for third-party claims under predecessor statute); *P.G. Bell Co. v. U. S. Fidelity and Guar. Co.*, 853 S.W.2d 187, 189 (Tex. App. – Corpus Christi 1993, reh'g overruled) (when a third-party beneficiary obtains a judgment against the insured, it becomes a "third party judgment creditor"); *see also Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 147 (Tex. 1994) (third-party claimant does not have standing to bring claim against an insurer under unfair claim settlement

---

accepts all well-pleaded facts as true, and construes all reasonable inferences in the light most favorable to the plaintiff.  *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994).

[3] This subsection of the Act provides:

> "Claim" means a first-party claim that:
> (A) is made by an insured or policyholder under an insurance policy or contract or by a beneficiary named in the policy or contract; and
> (B) must be paid by the insurer directly to the insured or beneficiary.

Texas Insurance Code § 542.051(2) (2005).

practices statute). Although a third-party beneficiary may bring a direct action against a tort-feasor's insurance company, *see, e.g., State Farm Lloyds Ins. Co. v. Maldonado*, 963 S.W.2d 38, 40-41 (Tex. 1998), this does not convert them to a "first-party claimant" for purposes of the Prompt Payment of Claims Act.

Under the terms of the statute Plaintiff seeks to invoke, a "claim" must be a "first-party claim." Texas Insurance Code § 542.051(2). The Act further specifies that the "claim" must be one "made by an insured or policyholder" or "by a beneficiary named in the policy or contract." *Id*. Plaintiff does not allege that he falls within either of these categories. Thus amending the complaint to include a cause of action under the Prompt Payment of Claims Act would be futile, as Plaintiff is not a "first-party claimant" under the Act and Plaintiff's claim against Defendant is not covered by the Act's definition of a "claim."

Leave to amend the complaint should be granted liberally, though not automatically. *Bloom v. Bexar County, Tex.*, 130 F.3d 722, 727 (5th Cir. 1997). Here, Plaintiff filed his motion for leave to amend before the current deadline for amending pleadings. In light of the discussion above, Defendant has not demonstrated a substantial reason for denying leave to include additional claims under Texas Insurance Code § 541.054. However, Defendant has shown that Plaintiff unduly delayed in seeking leave to add a claim under the Prompt Payment of Claims Act and that adding the proposed claim under the Prompt Payment of Claims Act would be futile.

In consideration of the foregoing, Plaintiff's Motion for Leave to File Plaintiff's Second Amended Original Complaint to Conform with Discovery [Doc. No. 38] is hereby GRANTED IN PART and DENIED IN PART as follows. Plaintiff is granted leave to amend his complaint to include additional claims under Texas Insurance Code § 541.054, but may not include the proposed

claim brought under the Prompt Payment of Claims Act. Plaintiff shall file his Second Amended Original Complaint within five (5) days of the date of this order.

IT IS SO ORDERED.

    DONE at Laredo, Texas, this 16th day of August, 2007.

_____
Adriana Arce-Flores
United States Magistrate Judge