O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| DELFINO PARRA, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. L-06-59 |
| | § | |
| MARKEL INTERNATIONAL | § | |
| INSURANCE COMPANY LIMITED, | § | |
| Formerly Known As Terra Nova | § | |
| Insurance Company Limited, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Pending before the Court is Defendant's Opposed Motion for Leave to Amend Defendant's Answer to Plaintiff's First Amended Original Complaint ("Motion for Leave to Amend") [Doc. No. 49], filed on August 13, 2007, and Plaintiff's Motion to Exclude Affirmative Defenses ("Motion to Exclude") [Doc. No. 55], filed on August 29, 2007.[1]  Plaintiff filed its Motion to Exclude and a response to Defendant's Motion for Leave to Amend on August 29, 2007 [Doc. No. 55].  In turn, Defendant, on August 30, 2007, filed a response in opposition to Plaintiff's Motion to Exclude as well as a reply to Plaintiff's response in opposition to Defendant's Motion for Leave to Amend. [Doc. No. 57].  The deadline for amending pleadings to conform with discovery was August 13, 2007.  [*See* Doc. No. 39].

**I.    Defendant's Opposed Motion for Leave to Amend Defendant's Answer to Plaintiff's First Amended Original Complaint**

---

[1] Defendant filed its Original Answer to Plaintiff's First Amended Original Complaint with Jury Demand on December 1, 2006 [Doc. No. 24].

On August 13, 2007, Defendant filed an Opposed Motion for Leave to Amend Defendant's Answer to Plaintiff's First Amended Original Complaint [Doc. No. 49].  Defendant argues that, to conform the Answer to the current live allegations and discovery, it must request leave of court to file a marked Exhibit "A."  In Exhibit "A," Defendant proposes two amendments to the affirmative defenses section of the Original Answer: (1) At the end of Paragraph 2.01, Defendant adds the denial that there has been a "fully adversarial trial" and (2) Defendant includes Paragraph 2.09 alleging the "diligent effort" requirements of the Texas surplus lines statutes are unenforceable against Defendant because they are "unconstitutionally vague."  [Doc. No. 49 ¶¶ 1.02-1.03].

Since Defendant's filing of the Motion for Leave to Amend, this Court has granted in part and denied in part Plaintiff's Motion for Leave to File a Second Amended Original Complaint. [*See* Doc. No. 51].  Specifically, this Court permitted Plaintiff to amend its complaint by including additional claims under the Texas Insurance Code § 541.054, but disallowed Plaintiff to include the proposed claim under the Prompt Payment of Claims Act.  *Id.*  On August 17, 2007, Plaintiff filed a Second Amended Complaint [Doc. No. 52], and Defendant filed an answer on August 27, 2007 [Doc. No. 54].  Since the First Amended Complaint has been superceded by the Second Amended Complaint, Defendant's Motion to Amend its Answer to the First Amended Complaint is DENIED as MOOT.

## II.     Plaintiff's Motion to Exclude Affirmative Defenses

### A.     Is Leave of Court Necessary?

In its Original Answer to Plaintiff's Second Amended Complaint, Defendant again includes the new, aforementioned affirmative defenses, which (1) deny the existence of a "fully adversarial trial" in Paragraph 2.01 and  (2) allege the "diligent effort" requirements of the Texas surplus

statutes are unenforceable because they are "unconstitutionally vague" in Paragraph 2.09 ("Subject Defenses"). [Doc. No. 54 ¶¶ 2.01, 2.09]. Plaintiff objects to these additions by arguing that Defendant, under Federal Rule of Civil Procedure 15(a), should have sought leave of court to include Subject Defenses. [Doc. No. 55 ¶¶ 7-9]. Defendant counters that Rule 15(a)'s requirement of leave of court does not apply here because Defendant did not file an "amended" pleading. Instead, as Defendant argues, it filed an Original Answer to a Second Amended Complaint, which is not an "amended" pleading and therefore does not require Defendant to seek leave of court. [Doc. No. 57 ¶ 1.02(A)]. Defendant further emphasizes that Rule 15(a) requires a response to an amended pleading to be filed within 10 days of service of the amended pleading, which Defendant fulfilled when it filed the Answer on August 27, 2007. *Id*.

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Rule 15(a) provides in part that a party may amend a pleading once any time before a responsive pleading is served; otherwise, a party may amend a pleading by leave of court or written consent of the adverse party. Fed. R. Civ. P. 15(a). The Rule further delineates that a party may respond to an amended pleading within the time remaining for response to the original pleading, or within 10 days after service of the amended pleadings. *Id*.

Defendant contends that it should be allowed to include Subject Defenses in the Answer without leave of court because the Answer was a timely filed *response* to Plaintiff's amended complaint and it was not an "amended" pleading. This Court disagrees. Defendant's Answer appears on the surface to be a mere response to an amended pleading. However, by adding defenses

that bear no relationship to Plaintiff's new claims made under the Texas Insurance Code § 541.054,[2] Defendant is effectively using the opportunity to amend its Answer without the Court's permission. Furthermore, it is unreasonable for Defendant to suggest that Defendant can assert totally new affirmative defenses because the Court allowed Plaintiff to add claims under a specific statute. Such a move would be entirely inconsistent with Rule 15's purpose, which is to ensure that both parties are able to prepare adequately for their opponent's legal arguments. *See Three H Enterprises, L.L.C. v. Advanced Environmental Recycling Technologies, Inc*. 256 F.Supp.2d 568, 579-80 (W.D. Tex. 2002). As such, this Court finds that Defendant must seek leave of court under Rule 15 to file Subject Defenses.

      B.     <u>Leave of Court to File Subject Defenses</u>

In its Response, Defendant, alternatively, seeks leave of court to file Subject Defenses. Defendant submitted this request for leave of court on August 30, 2007 – over two weeks after the August 13, 2007 deadline for amending pleadings to conform with discovery. Therefore, the Court examines Defendant's request in the context of Federal Rule of Civil Procedure 16(b), which governs amendment of pleadings after the deadline for amending has expired. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). After the deadline for amending pleadings has passed, "only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply." *Id*.

To demonstrate "good cause" in this context, the movant must show "that the deadlines

---

[2] Section 541.054 of the Texas Insurance Code provides:

It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to commit through concerted action or to enter into an agreement to commit an act of boycott, coercion , or intimidation that results in or tends to result in the unreasonable restraint or a monopoly in the business of insurance.

cannot reasonably be met despite the diligence of the party needing the extension." *Id*. at 535 (quoting 6A Charles Alan Wright, et al., Federal Practice and Procedure § 15221.1 (2d ed. 1990)).  In considering an untimely motion to amend pleadings, the Court analyzes the following factors: (1) the movant's explanation for failing to seek timely leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure the prejudice.  *Id*. at 536 (citing *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

        1.    *Movant's Explanation for Failing to Seek Timely Leave to Amend*

Defendant has not directly explained to the Court its failure to seek timely leave to amend.  However, based on the events in the record, it appears that Defendant's failure to file timely leave was beyond its control.  On August 13, 2007, the last day the parties could timely file leave to amend pleadings, Defendant sought leave of court to amend its Answer to the First Amended Complaint so as to include Subject Defenses.  Then, on August 16, 2007, the Court allowed Plaintiff to file a Second Amended Complaint, which Plaintiff submitted the following day.  Therefore, on August 17, 2007, the Second Amended Complaint superceded the First Amended Complaint and Defendant's request to amend its Answer to the First Amended Complaint became moot.  Defendant then filed an original answer to the Second Amended Complaint, which included Subject Defenses.  Since Defendant's Leave to Amend became moot on August 16, 2007 and Plaintiff submitted the Second Amended Complaint after the August 13, 2007 deadline, it would have been impossible for Defendant to re-file timely for leave to amend its Answer.

        2.    *Importance of Amendments*

Defendant raises Subject Defenses to rebut important claims made by Plaintiff. First, Defendant uses the "unconstitutional vagueness" defense to rebut Plaintiff's assertion that the Insurance Contract is unauthorized insurance. Plaintiffs claim that Defendant did not make a "diligent effort" to determine whether the said insurance was procurable from the insurers licensed to transact and write that kind of insurance in Texas, in violation of § 981.004(a) of the Texas Insurance Code.[3] [*See* Doc. No. 52 ¶ 5.21]. Second, Defendant raises the "fully adversarial trial" contention, a significant evidentiary burden presented in *State Farm*, which, if not fulfilled, could preclude Plaintiff from recovery. As such, adding Subject Defenses would be important amendments to Defendant's Answer.

        3.     *Potential Prejudice in Allowing Amendment*

            a.     **"Unconstitutional Vagueness" Defense**

Defendant argues that the "unconstitutional vagueness" defense is in direct response to new allegations raised by Plaintiff in his Second Amended Complaint. Specifically, Defendant points to Plaintiff's pleading for the first time that Defendant's failure to make a "diligent effort" search was "material and intentional" based on the requirements of Article 1.14-2, Section 9 of the Texas Revenue Civil Statutes. [*See* Doc. No. 57 ¶ 1.03; Doc. No. 52 ¶ 5.26]. Plaintiff, however, denies that this allegation under Section 9 is a new cause of action. [Doc. No. 52 ¶ 5.26, n.3]. In the Second Amended Complaint, Plaintiff explains that Defendant's alleged "material and intentional" failure to make a "diligent effort" was previously asserted in general

---

[3] Section 981.004(a) of the Texas Insurance Code provides that

> [a]n eligible surplus lines insurer may provide surplus insurance only if the full amount of required insurance cannot be obtained, *after a diligent effort*, from an insurer authorized to write and actually writing that kind and class of insurance in this state..." (emphasis added).

terms and, therefore, provided Defendant fair notice.[4]  *Id.*

The Court agrees that Plaintiff, in the First Amended Complaint, gave Defendant fair notice that it would pursue any and all claims regarding the alleged unauthorized Insurance Contract, according to the laws under Article 1.14-2. [*See* Doc. No. 19-2 ¶ 5.10].  Therefore, Plaintiff's "material and intentional" failure allegation, as outlined in the Second Amended Complaint, is permitted.  However, Defendant, having seen the Section 9 allegation in Plaintiff's Complaint for the first time is entitled to provide a response.  Plaintiff should not be surprised that Defendant is asserting a new defense against a specified claim that Plaintiff did not previously present in his Complaint.  In fact, Plaintiff should have expected that Defendant would counter the new claim.  Furthermore, Defendant provided early notice to Plaintiff about the "unconstitutionally vague" defense by presenting the contention in its summary judgment pleading [Doc. No. 31 ¶ 6.26], filed on June 15, 2007.  Plaintiff did not object to Defendant's use of this defense in its Reply to Defendant's Motion for Summary Judgment. [*See* Doc. No. 42].  As such, Plaintiff is not unduly prejudiced by Defendant's use of the "unconstitutional vagueness" defense.

        b.      "**Fully Adversarial Trial" Defense**

---

[4] Plaintiff explicitly quotes from its First Amended Complaint, ¶ 5.10, which states:

> Plaintiff will further show that the Insurance Contract is unauthorized insurance under Texas law, and as a consequence of same, MARKEL is precluded from attempting to enforce any provisions found in the Insurance Contract to avoid tender the policy limits in satisfaction of the judgment entered in the Underlying Action. The Insurance Contract is unauthorized insurance according to the laws and regulations of the State of Texas including but not limited to...Tex. Rev. Civ. Stat. Ann. Art. 1.14-2 of the Texas Insurance Code in effect at the time of the procurement of the Insurance Contract (now found in Chapter 981 of the Texas Insurance Code).

[Doc. No. 52 ¶ 5.26, n.3].

Defendant contends that the "fully adversarial trial" defense is actually an evidentiary burden that Plaintiff must meet to be able to submit the underlying judgment into evidence and therefore prove coverage. [Doc. No. 57 ¶ 1.02(B)(2) (citing to *State Farm Fire and Cas. Co. v. Gandy*, 925 S.W.2d 696, 714 (Tex. 1996) (holding that, in no event, is a judgment for plaintiff against defendant, rendered without a fully adversarial trial, binding on defendant's insurer by plaintiff as defendant's assignee)]. Defendant argues that Plaintiff's arguments about undue delay, dilatoriness, and undue prejudice are unfounded since Plaintiff never objected to the assertion in Plaintiff's summary judgment pleadings. Furthermore, Defendant claims that its "fully adversarial trial" contention is made in response to new detail in Plaintiff's pleading in Paragraph 5.9 of the Second Amended Complaint. [Doc. No. 57 ¶ 1.02(B)(2)]

Defendant clearly holds the position that the "fully adversarial trial" requirement is separate and distinct from the condition precedent requiring an "actual trial." [*See* Doc. No. 41-2 ¶ 8.28]. However, it is unclear why Defendant did not include this contention in an earlier answer to the complaint. Defendant claims that the "fully adversarial trial" defense is made in response to new detail in Plaintiff's Second Amended Complaint. Specifically, it points to Plaintiff's new description of the trial in Paragraph 5.9 regarding the underlying case, the settlement, the witnesses at trial, and the Court's findings of negligence. [*See* Doc. No. 52 ¶ 5.9]. While Plaintiff did not include such a detailed description of the proceedings in the earlier complaints, nonetheless, the facts in the description are not new claims. Defendant should have known about these facts about the underlying case when it filed its first answer.

Defendant further argues that Plaintiff never objected to the "fully adversarial trial" assertion in Plaintiff's summary judgment pleadings. In fact, in its Reply to Defendant's

8

Response to Plaintiff's Motion for Partial Summary Judgment, filed July 25, 2007, Plaintiff directly addresses the evidentiary burden presented in the *State Farm* case.  Plaintiff spends several paragraphs attempting to distinguish factually *State Farm* from the case at bar.  [*See* Doc. No. 48 ¶¶ 5-14].  Clearly, Defendant gave adequate notice about the "fully adversarial trial" contention in its summary judgment pleading, filed in July 2007.  At that point, Plaintiff did not object to its use.  Having had an earlier opportunity to review and argue about the evidentiary burden for summary judgment purposes, Plaintiff cannot now claim that Defendant's attempt to amend its Answer by adding the contention would unduly prejudice him.

4. *Availability of Continuance to Cure Prejudice*

As mentioned previously, Plaintiff has addressed Subject Defenses in the cross-motions for summary judgment, pending before the District Court, without any objections or requests for further discovery.  As such, it is unlikely that any undue delay or prejudice would result from Defendant's amending its Answer to include Subject Defenses, which have already been presented and argued by the parties.  Therefore, the Court will not grant any continuances related to curing speculative prejudice.

5. *Conclusion and Application of Rule 15(a)*

The Court finds that Defendant has shown good cause such that the more liberal Federal Rule of Civil Procedure15(a) standard applies.  Under Rule 15(a), leave to amend pleadings "shall be freely given when justice so requires."  Rule 15(a) evinces a bias in favor of granting leave to amend.  *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (Former 5th Cir. Nov. 1981).  Only if there is substantial reason may the Court deny leave to amend.  *Id*. at 598. The Supreme Court describes several situations that warrant denying amendment: undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowing amendment, and futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Plaintiff did not file a timely response to Defendant's request for leave to amend its Answer.  Furthermore, as previously addressed, Plaintiff's claims of Defendant's undue prejudice, delay, and dilatoriness are unfounded.  Therefore, Defendant's request for leave to amend its Answer is GRANTED, and Plaintiff's Motion to Exclude the Affirmative Defenses [Doc. No. 55] is DENIED.

For the foregoing reasons, Defendant's Motion for Leave to Amend Defendant's Answer to Plaintiff's First Amended Original Complaint [Doc. No. 49] is hereby DENIED as MOOT and Plaintiff's Motion to Exclude Affirmative Defenses [Doc No. 55] is DENIED.

IT IS SO ORDERED.

DONE at Laredo, Texas, this 1st day of November, 2007.

_____
Adriana Arce-Flores
United States Magistrate Judge